178    PEOPLE ex rel. R., W. & O. R. R. CO. *v.* DIXON.

FOURTH DEPARTMENT, JUNE TERM, 1876.

THE PEOPLE ex rel. THE ROME, WATERTOWN and OGDENSBURGH RAILROAD COMPANY, APPELLANTS, *v.* WILLIAM B. DIXON, SUPERVISOR, AND WILLIAM F. AUSTIN AND OTHERS, ASSESSORS OF THE TOWN OF RICHLAND, OSWEGO COUNTY, RESPONDENTS.

THE SAME *v.* THE SAME OFFICERS OF THE TOWN OF ALBION, IN SAME COUNTY.

THE SAME *v.* THE SAME OFFICERS OF THE TOWN OF SANDY CREEK, IN SAME COUNTY.

*Assessment — certiorari to review — where property is generally assessed at one-third its value, in violation of the assessors' duty — court will not reduce assessment of property assessed at a greater rate, to same proportion.*

APPEAL from an order of the Special Term of Oneida county, dismissing writs of certiorari in the above entitled causes.

In the classified list, delivered by the relators to the assessors of the town of Richland, pursuant to the provisions of section 24 of the act entitled "An act to amend chapter 13 of the first part of the Revised Statutes, entitled 'Of assessments and collection of taxes'" (chap. 176 of the Laws of 1851), the relators, in and by the affidavit of their tax agent, stated the true present value of the property owned by them in said town at $24,080. In section 5 of the act of 1851 (chap. 176), it is declared that all real and personal estate liable to taxation shall be estimated and assessed by the assessors at its full and true value, as they would appraise the same in payment of a just debt due from a solvent debtor. In the assessment roll made and duly verified by the assessors of the said town of Richland they assessed the property of the said relators in said town of Richland liable to taxation at the sum of $17,500, being $6,580 less than they were liable to be assessed, upon their own estimate of the value of their real property in said town.

In the return of the said assessors, they "say and aver that the true and accurate value of the real estate of the said relators in the said town of Richland, at the time of said assessment, was $52,500, and that they assessed said real estate of said relators in said town

PEOPLE ex rel. R., W. & O. R. R. CO. v. DIXON.  179

FOURTH DEPARTMENT, JUNE TERM, 1876.

at one-third part of its true value, as they did all other property in said town."

The relators claimed that their property should have been entered upon said assessment roll at one-third its actual value, and that the assessment roll should be corrected by reducing the amount accordingly, adopting their own estimate of such value as proved before the said assessors, and not disproved by any proper evidence.

The court at General Term say : " We are thus asked to sanction the illegal acts of these assessors in disobeying the express command of the statute, to assess the property of said town at its full and true value, as they would appraise the same in payment of a just debt due from a solvent debtor; and instead thereof assessing such property at one-third its admitted estimated value, followed by a verification by said assessors annexed to said roll, that such was the true and full value of the property therein assessed, and this is the only relief asked by the relators from the court upon these several writs of certiorari.

" This is certainly a bold proposition or request addressed to this court, and one which we must most necessarily reject. We cannot sanction in any manner the great indecorum, to say the least, of these proceedings on the part of these assessors.

"As the only injury complained of is not a legal injury, and this relator is not in fact assessed for more than the admitted value of its property by its own witnesses and agents, and its only complaint is, really, that other parties not before us, or parties to this proceeding, are not assessed at the same rate with itself, and the relief it asks is utterly inadmissible, it only remains for us to affirm the decision of the court at Special Term in dismissing said writ, with costs."

*L. J. Dorwin*, for the appellants. *S. C. Huntington*, for the respondents.

Opinion by SMITH, J.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

Order of Special Term dismissing writ of certiorari affirmed, with costs.

(Like order in the three cases.)